IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| GARY HAMMOND and JIM REED, on behalf of themselves and all similarly situated individuals, )<br><br>Plaintiffs, )<br><br>v. )<br><br>ALCOA, INC., as a successor in interest by way of merger with REYNOLDS METALS COMPANY, 201 Isabella Street Pittsburgh, PA 15212-5858, )<br><br>The Reynolds Metals Company Pension Plan For Hourly Workers; and )<br><br>The Reynolds Metals Company Retiree Group Benefit Plan, Retiree Health Care Plan )<br>Defendants. ) | CASE NO.: _____ |

**COMPLAINT**

COME NOW the Plaintiffs, Gary Hammond and Jim Reed, as representatives of the class of hourly workers under the Reynolds Metals Company Pension Plan for Hourly Employees, and state as follows:

1. **Parties.** Plaintiff Gary Hammond is a resident of Lexington, Alabama. Plaintiff Jim Reed is a resident of Muscle Shoals, Alabama. Defendant ALCOA, Inc. (hereinafter referred to as "ALCOA") is, by way of merger with Reynolds Metals Company, its successor in interest. ALCOA is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania. Defendants the Reynolds Metals Company Pension Plan for Hourly Workers (hereinafter referred to as the "Plan") and the Reynolds

1

Metals Company Retiree Group Benefit Plan, Retiree Health Care Plan (hereinafter referred to as the "Retiree Health Plan") are administered by ALCOA out of its Pittsburgh office.

2.  **Jurisdiction.** This Court has original jurisdiction of this action under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

3.  **Venue.** Venue is proper in the Western District of Pennsylvania under 28 U.S.C. § 1331(a) and 29 U.S.C. § 1332(e).

4.  **Class.** Plaintiffs bring these allegations on behalf of themselves and all similarly situated plan participants pursuant to Rule 23 of the Federal Rules of Civil Procedure. This class is defined and described as follows: All Plan participants who were hourly employees at certain Reynolds Metals facilities in Colbert County, Alabama who had ten (10) years or more of service but had not obtained the age of 55 as of March 31, 2001 and who were not eligible for other early retirement benefits under the Plan.

5.  Defendants, have denied Plaintiffs who turned 55 years of age after March 31, 2001, but who had 10 years of service prior to that date, Rule of 55/10 Benefits on the ground that they were not "Employees" after March 31, 2001, since they had broken service and thus were not covered by the Plan when they attained age 55.

6.  There are questions of law and fact common to the class, including but not limited to entitlement to Rule of 55/10 Benefits (either full or reduced) and to early retirement subsidies by Plan participants who have reached the age of 55 after March 31, 2001, and who otherwise had ten (10) years of service prior to that date. Common questions of law and fact dominate as to the interpretation of the Plan and ERISA and thus require, a common application and result to all class participants.

7. The Plaintiffs' claims are typical of the claims of those of the proposed class.

8, The Plaintiffs will fairly and adequately protect the interest of the class in that the Plaintiffs are typical participants in the Plan and have no conflict with any other class members. The Plaintiffs have no interest which is adverse to the interest of the class members. Plaintiffs have retained counsel experienced in class action litigation and in ERISA litigation to represent them and the class.

9. This class action is superior to all the other alternatives, if any, for fair and efficient adjudication of this controversy and the joinder of all injured participants is impractical. Even if the class members could afford such individual litigation, the court system could not. Individual litigation presents potential for inconsistent or contradictory judgments. It magnifies the delay and expense to all the parties and to the court. By contrast, the class action device presents far fewer management difficulties and provides for the benefits of a unitary adjudication, economies of scale and a comprehensive supervision by a single court. The number of believed class participants affected by ALCOA's denial of the Rule of 55/10 Benefits to the Plaintiffs is approximately 156.

## FACTUAL ALLEGATIONS

10. On March 31, 1999, Reynolds Metals Company sold its facilities in Colbert County, Alabama, to Wise Alloys, LLC. As a result of this sale, hourly employees were permanently laid off and/or there was a permanent shutdown of the facility.

11. The hourly employees at the Colbert County facilities were covered by the Plan. A participant qualifies for the Rule of 55/10 Benefit under such Plan at age 55 with at least ten (10) years of service if he is absent as a result of a permanent shutdown of a

3

plant or department, or absent on account of lay off, sickness or accident. The sale of the Colbert County facilities was permanent shutdown of a plant and resulted in the lay off of the employees of the plant. Reynolds Metals Company granted service credit to Plaintiffs and other class members on account of the plant closing and lay off for two years beyond March 31, 1999 which was the date of the shutdown. However, Reynolds Metals Company and now ALCOA did not allow employees to receive 55/10 early retirement benefit under the Plan even if they had ten (10) years of service, as of March 31, 2001, unless they had attained age 55 as of March 31, 2001.

12. The hourly employees at the Colbert County facilities were covered by the the Retiree Health Plan. An employee is eligible for Retiree Health Plan coverage only if he retires on an immediate pension (as opposed to vested pension). . Plaintiffs and the other class members will not qualify for coverage under the Retiree Health Plan unless they receive Rule of 55/10 Benefits.

13. Reynolds Metals Company merged with ALCOA, Inc. Subsequent to the merger date, ALCOA assumed the assets, liabilities and responsibilities for administering the debts and obligations of Reynolds Metals Company, including, but not limited to, funding and administering the Plan that provides the Rule of 55/10 Benefits as well as the Retiree Health Plan.

14. Both Hammond and Reed had ten (10) years of service as of March 31, 2001, but did not turn the age of 55 until sometime thereafter. Hammond turned age 55 on the 22nd day of April, 2003, and Reed turned 55 on the 27th day of November, 2002.

15. After attaining age 55, Hammond and Reed applied to ALCOA for a Rule of 55/10 Benefit. On June 21, 2007, ALCOA advised Hammond that his pension claim was denied because he was not an Employee under the Plan at the time of application

4

since he had broken service. ALCOA further advised him that he had exhausted all administrative remedies under the Plan and had to file suit within six (6) months if he was to seek judicial relief. ALCOA, however, did not advise Reed similarly, nor did it grant his claim. ALCOA ignored Reed's pension claim for a Rule of 55/10 Benefit. 16.

Hammond and Reed have exhausted their administrative remedies under the Plan. Exhaustion of administrative remedies by the other class members would be fruitless.

## COUNT I

17. Plaintiffs incorporate the averments contained in paragraphs 1-16 as if fully and completely set out herein.

18. Hammond and Reed -- as well as other hourly employees who turned age 55 on or after March 31, 2001, and had ten (10) years of service as of March 31, 2001 – have had or will have their claims for Rule of 55/10 Benefits denied by the Defendants in violation of the provisions of the Plan.

WHEREFORE THESE PREMISES CONSIDERED, then pursuant to 29 U.S.C. § 1132(a)(1)(b), the Plaintiffs are entitled to Rule of 55/10 Benefits under the Plan as of the date they applied for the same (as well as coverage under the Retiree Health Plan) and the other members of the class are entitled to a declaration that they are entitled to such benefits upon attainment of age 55 and upon proper application. In addition, Plaintiffs and the other class members seek interest on back due benefits, costs, and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g).

## COUNT II

19. Plaintiffs readopt and reallege the averments contained in paragraphs 1-18 as if fully and completely set out herein.

20.     Plaintiffs and all similarly situated class members are entitled to the Rule of 55/10 Benefits on actuarially reduced basis because the Defendant may not prevent the Plaintiffs from growing into Rule of 55 Benefits without violating 29 U.S.C. § 1056(a).

21.     The pension plan at issue provides for payment of an early retirement benefit and Defendants have violated 29 U.S.C. § 1056(a) by refusing to grant Plaintiffs, and other members of the class, Rule of 55/10 benefits under the Plan not less than the benefit to which they would be entitled at normal retirement age, actuarially reduced under regulations prescribed by the Secretary of the Treasury.

WHEREFORE THESE PREMISES CONSIDERED, pursuant to 29 U.S.C. § 1056(a) and under the terms of the Plan, the Plaintiffs are entitled to Rule of 55/10 Benefits actuarially reduced (as well as coverage under the Retiree Health Plan) and the other members of the class are entitled to a declaration that they are entitled to such benefits upon attainment of age 55 and upon proper application. In addition, Plaintiffs and the other class members seek interest on back due benefits, costs, and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g).

## COUNT III

22.     Plaintiffs readopt and reallege the averments contained in paragraphs 1-21 as if fully and completely set out herein.

23.     Plaintiffs and all similarly situated class members are entitled to the Rule of 55/10 Benefits, to the extent they exceed the actuarially reduced benefits protected by 29 U.S.C. § 1056(a), because a Rule of 55/10 Benefit is a protected retirement subsidy pursuant to 29 U.S.C. § 1054(g) that is accrued and vested in the Plaintiffs upon reaching age 55.

6

24. The Plan provides for payment of a retirement subsidy and Defendants have by novel interpretation which amounts to a plan amendment , denied Plaintiffs and will deny all other class members their claims for Rule of 55/10 Benefits by virtue of this "plan amendment" in violation of 29 U.S.C. § 1054(g).

WHEREFORE THESE PREMISES CONSIDERED, pursuant to 29 U.S.C. § 1054(g) and under the terms of the Plan, the Plaintiffs are entitled to Rule of 55/10 Benefits, including the retirement subsidy (as well as coverage under the Retiree Health Plan) as of the date they applied for the same and the other members of the class are entitled to a declaration that they are entitled to such benefits upon attainment of age 55 and upon proper application. Plaintiffs and the other class members seek interest on back due benefits, costs, and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g).

## COUNT IV

25. Plaintiffs readopt and reallege the averments contained in paragraphs 1-24 as if fully and completely set out herein.

26. Defendants are under an affirmative obligation to discharge their duties with respect to the plans at issue solely in the interest of the participants and beneficiaries, for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable administrative expenses under 29 U.S.C. § 1104(a).

27. In denying benefits under the Plan, Defendant ALCOA unilaterally imposed a rule barring court review after 180 days following such denial. This purported statute of limitations is not included in the Plan, and the Defendant ALCOA's actions with regard to this purported statute of limitations are contrary to the written plan

document and law, and thereby violate Defendant ALCOA's duty to act for the exclusive benefit of the participants and beneficiaries.

WHEREFORE THESE PREMISES CONSIDERED, pursuant to 29 U.S.C. § 1104(a) and under the terms of the Plan, the Plaintiffs and class members seek to enjoin and prohibit the Defendants from (1) advising any Plan participants that they must file a law suit within six months of the date of such denial if they are to challenge the denial of their claims and (2) relying on the 180-day statute of limitations as a defense against actions seeking review of claim denials by Defendants. In addition, Plaintiffs and the other class members seek costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g).

## COUNT V

28. Plaintiffs readopt and reallege the averments contained in paragraphs 1-27 as if fully and completely set out herein.

29. Defendants are under an affirmative obligation to provide adequate notice to any participant whose claim has been denied, and must afford a reasonable opportunity for a full and fair review in such a case.

30. Plaintiff Jim Reed's claim for 55/10 special retirement benefits has not been acknowledged or acted upon by Defendants.

WHEREFORE THESE PREMISES CONSIDERED, pursuant to 29 U.S.C. § 1133 and under the terms of the Plan, the Plaintiffs and class members seek to enjoin and require the Defendants to provide adequate notice of benefit denial and a reasonable opportunity for full and fair review. In addition, Plaintiff Reed and the other class members seek costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g).

Respectfully submitted,

__/s/ James T. Carney
James T. Carney
Attorney for Plaintiffs

845 Northridge Dr.
Pittsburgh, Pa. 15216


__/s/ Willson Jenkins _
Willson Jenkins
Attorney for Plaintiffs
JESTER & JENKINS
117 Mobile Plaza
Florence, AL 35630
245-764-3941


/s/  Frances King Quick
_____
Frances King Quick
William Somerville
Edwin B. Cleverdon
Attorneys for Plaintiffs
ADAMS & REESE LLP
2100 Third Ave. North
Suite 1100
Birmingham, AL 35203

9