IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY HAMMOND and JIM REED, on behalf of themselves and all similarly situated individuals,<br>    Plaintiffs,<br><br>v.<br><br>ALCOA, INC., ALCOA RETIREMENT PLAN II, RULE IID, and THE REYNOLDS METALS COMPANY RETIREE GROUP BENEFITS PLAN,<br>    Defendants. | Civil Action No. 07-1746 |

MEMORANDUM ORDER

This is an ERISA case. On December 4, 2008, we entered an order granting defendants' motion for judgment on the pleadings. Thereafter, defendants filed a timely motion for attorney's fees pursuant to Federal Rule of Civil Procedure 54(d) and 29 U.S.C. § 1132(g)(1). On January 2, 2009, plaintiffs filed a notice of appeal from this court's December 4th order. That appeal has been docketed in the Court of Appeals for the Third Circuit as USCA No. 09-1100. After the appeal was filed, the parties submitted further briefing in this court on the motion for attorney's fees.

As a general rule, the filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56, 58 (1982). However, the Court of Appeals for

the Third Circuit recognizes several "limited" exceptions to the Griggs rule under which a district court retains the power to issue orders staying, modifying, or granting injunctive relief, to review applications for attorney's fees, to direct the filing of supersedeas bonds, to correct clerical mistakes, and to issue orders affecting the record on appeal and the granting or vacating of bail. In re Merck & Co., Inc. Sec. Litig., 432 F.3d 261, 267-68 (3d Cir. 2005); Sheet Metal Workers' Int'l Ass'n Local 19 v. Herre Bros., Inc., 198 F.3d 391, 394 (3d Cir. 1999); Bensalem Twp. v. Int'l Surplus Lines Ins. Co., 38 F.3d 1303, 1314 & n.9 (3d Cir. 1994). As such, although this case is currently on appeal, we retain jurisdiction over the instant motion for attorney's fees. West v. Keve, 721 F.2d 91, 95 n.5 (3d Cir. 1983).

Nevertheless, the court has the discretion to deny the motion, without prejudice, on the ground that it is premature. See Fed. R. Civ. P. 54(d)(2)(B), 1993 Advisory Committee Note. Here, we find that defendants' motion is premature. The bulk of the more than forty pages of briefing on this motion is comprised of arguments regarding the substantive merits of plaintiffs' claims. This is because the appropriateness of an award of attorney's fees in this case depends on whether plaintiffs' claims were frivolous. Under these circumstances, we find it inappropriate, and inefficient,

2

for this court to revisit these arguments while an appeal on the substantive merits of this case is pending. Instead, we will defer ruling on the issue of attorney's fees until after the Court of Appeals for the Third Circuit has issued its mandate, at which time defendants may re-file their motion.

Therefore, AND NOW this 24th day of February, 2009, IT IS HEREBY ORDERED that defendant's motion for attorney's fees [doc. no. 43] is DENIED, without prejudice. Defendants may file a subsequent motion no later than 14 days after the mandate is issued by the Court of Appeals for the Third Circuit in the appeal of this matter, USCA No. 09-1100.

BY THE COURT,

/s/ _____

cc: All Counsel of Record